AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>Juan Manuel Bernabe-Sanchez<br><br>*Defendant(s)* | ) | Case No. 8:17-mj-1208-JSS |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of March 21, 2017 in the county of Manatee in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal reentry into the United States after deportation and after having been convicted of a felony subsequent to his removal. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Robert Vadasz, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/23/17

[signature]
*Judge's signature*

City and state: Tampa, Florida

Julie S. Sneed, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Robert Vadasz, being duly sworn, hereby depose and state as follows:

1. I have been employed as a United States Border Patrol Agent with the United States Border Patrol since May 10, 1998. Since May of 2005, I have been assigned to the United States Border Patrol Station in Tampa, Florida, as a Senior Patrol Agent.

2. In my capacity as a Border Patrol Agent, I am charged with enforcing United States immigration laws—both administrative and criminal sections of the law. I am a federal law-enforcement officer with the authority to execute arrest warrants and search warrants under the authority of the United States.

3. This affidavit is in support of a criminal complaint. The statements contained in this affidavit are based on my personal experiences and observations as well as those of other agents. This affidavit does not contain every fact regarding the investigation, but does document the probable cause to charge Juan Manuel BERNABE-Sanchez (BERNABE-Sanchez), a citizen and national of Mexico illegally present in the United States, with illegal reentry into the United States after deportation and after having been convicted of a felony subsequent to his removal, in violation of 8 U.S.C. § 1326(a) and (b)(1).

4. I submit only those facts believed to be relevant to the determination of probable cause, and this affidavit should not be construed as a complete statement of all the facts of the investigation.

## FACTS AND CIRCUMSTANCES

5. On March 21, 2017, Border Patrol Agents assigned to the Tampa Station were contacted by a Manatee County Sheriff's detective concerning the identification of a possible criminal alien. The detective stated that he had encountered an individual identified as Juan Manuel BERNABE-Sanchez during a separate criminal investigation. He further stated that he expected BERNABE-Sanchez to arrive at the Manatee County Sheriff's Department in Bradenton, Florida, for further questioning on March 22, 2017.

6. Records checks revealed that BERNABE-Sanchez had been apprehended by immigration officials on at least three previous occasions. Records also linked BERNABE-Sanchez to two agency file numbers: FBI# 37492DC0 and A# 088 785 107.

7. Records revealed that BERNABE-Sanchez had been apprehended by Border Patrol Agents on January 4, 2008, prosecuted for violating 8 U.S.C. § 1325, and sentenced to 1 year probation (Case No. 1:08-PO-2015). BERNABE-Sanchez was subsequently ordered removed from the United States on January 5, 2008, in Kingsville, Texas. He was deported from the United States on January 7, 2008.

8. Records further revealed that BERNABE-Sanchez was again apprehended by immigration officials on June 9, 2009, near Odessa, Texas. On that occasion, BERNABE-Sanchez was again prosecuted for violating 8 U.S.C. § 1325.

He was sentenced to 13 months' imprisonment in Pecos, Texas (Case No. 4:09-CR-233-01), and again deported from the United States on May 25, 2010.

9. On March 22, 2017, I encountered BERNABE-Sanchez at the Manatee County Sheriff's Department in Bradenton, Florida, which is located within the Middle District of Florida (MDFL). I identified myself as a United States Border Patrol Agent and questioned BERNABE-Sanchez about his identity and citizenship.

10. BERNABE-Sanchez identified himself as Juan Manuel BERNABE-Sanchez and admitted to being a citizen and national of Mexico illegally present in the United States. I then advised BERNABE-Sanchez of his *Miranda* rights. He agreed to answer questions without having an attorney present.

11. Upon questioning, BERNABE-Sanchez admitted to having been previously deported from the United States. He also admitted that he had previously been convicted of illegal entry on two separate occasions and confirmed the criminal and immigration histories I had discovered. BERNABE-Sanchez admitted that he had illegally reentered the United States sometime in January of 2016, by walking through the desert near Sasabe, Arizona. He admitted that he had never applied for, nor received, permission to reenter the United States.

12. BERNABE-Sanchez was placed under arrest and transported to the Tampa Border Patrol Station for processing.

13. At the Tampa Station, fingerprint-record queries were conducted through all pertinent indices. Fingerprint queries further confirmed the identity of

BERNABE-Sanchez and returned as a positive match for FBI# 37492DC0 and A# 088 785 107.

14. Based on the foregoing, there is probable cause to charge Juan Manuel BERNABE-Sanchez, a citizen and national of Mexico illegally present in the United States, with illegal reentry into the United States after deportation after having been convicted of a felony, in violation of 8 U.S.C. § 1326(a) and (b)(1).

Robert M. Vadasz
Border Patrol Agent

Sworn to before me and subscribed in my presence, on the 23 day of March, 2017 in Tampa, Florida.

Julie S. Sneed
United States Magistrate Judge